IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRAIG EDGMON                                                              PLAINTIFF

v.                          CIVIL NO. 04-2192

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Craig Edgmon brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

## Procedural Background:

The applications for DIB presently before this court was filed on April 23, 2001, alleging an inability to work since August 16, 2000, due to a back disorder. (Tr. 94-97). An administrative hearing was held on December 3, 2002. (Tr. 29-57). Plaintiff was present and represented by counsel.

By written decision dated January 13, 2003, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 25). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found plaintiff retained the residual functional

capacity (RFC) to lift ten pounds frequently, twenty pounds occasionally; to sit, stand and walk about six hours per eight-hour work day; and to occasionally stoop and crouch. (Tr. 19-20). The ALJ found plaintiff had no manipulative, visual, communicative or environmental limitations. (Tr. 25). With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform other work as a fast food worker, a housekeeper, a production worker and a bottling line worker. (Tr. 26).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After considering additional medical evidence submitted by plaintiff, plaintiff's request for review of the hearing decision was denied on June 25, 2004. (Tr. 5-8). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 4,5).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the

most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the medical evidence reveals plaintiff has sought treatment for on-going back pain and has undergone two back surgeries and was scheduled to undergo a third surgery but did not due to a misunderstanding with his surgeon. (Tr. 161-169, 170, 207). Plaintiff has also complained of problems with his hands including experiencing weakness and numbness and neck pain. (Tr. 220-223, 230).[1]

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 5-8) *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

requirements of a significant range of light work, relied on a RFC assessments completed by a non-examining, medical consultants, indicating plaintiff could perform light work. (Tr. 198-206). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Furthermore this assessment was completed on June 20, 2001, and affirmed on March 13, 2002. (Tr. 206). This was prior to Dr. J. Michael Standefer's April 24, 2002, opinion that plaintiff needed to undergo a third surgery and that plaintiff should avoid repeated bending and alternate between sitting, standing and walking. (Tr. 208). These consultants also did not have the benefit of reviewing Drs. Andrew Prychodko and Vincent B. Runnels findings that plaintiff had upper extremity weakness and decreased range of motion in the wrists. (Tr. 222, 230-232). Based on the all the medical evidence of record, we do not find substantial evidence to support the ALJ's RFC determination.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Runnels and Standefer--asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a

medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. § 404.1517.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and his mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. § 404.1517.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE